**Gurbax SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70389.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 17, 2004.

R.App. P. 34(a)(2).

Gurbax Singh, Selma, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Brenda M. O'Malley, Michael T. Dougherty, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Gurbax Singh, a native and citizen of India, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA"), dismissing his appeal from an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. "Where, as here, the BIA reviews the IJ's decision de novo, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000). We review the denial of asylum for substantial evidence, *Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000), and we reverse only if the evidence compels a contrary conclusion, *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

The record does not compel the conclusion that Singh satisfied his burden of proving eligibility for asylum with credible, direct, and specific evidence. *See Molina–Morales v. INS,* 237 F.3d 1048, 1051 (9th Cir.2001).

Because Singh failed to establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Singh's contention that the BIA's streamlined opinion was cruel and deprived him of equality and justice is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850 (9th Cir.2003).

The BIA properly declined to consider Singh's new evidence. *See* 8 C.F.R. § 1003.2(c)(1).

Singh's "Motion To Waive The Excerpts Of Record Requirement," contained in his opening brief, is denied as moot.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.